IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JESUS JUAN LOPEZ                                                                            PETITIONER
REG. #56472-180

V.                                   NO.  2:08cv00058 SWW-JWC

T.C. OUTLAW, Warden,                                                                     RESPONDENT
FCI, Forrest City, AR

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **RECOMMENDED DISPOSITION**

Jesus Juan Lopez, an inmate in the Federal Correctional Institution in Forrest City, Arkansas, brings this 28 U.S.C. § 2241 petition for writ of habeas corpus (doc. 2). Respondent filed a motion to dismiss (doc. 13). Although notified of his opportunity to respond to the motion (doc. 14), Petitioner has not done so and the time for responding has expired. For the reasons that follow, the motion to dismiss should be **granted**.

I.

The procedural history is undisputed. In January 1997, Petitioner pleaded guilty to state charges of possession of cocaine in a case arising from McLennan County, Texas, and the trial court adjudged him guilty and assessed punishment of eight years in the state penitentiary. However, imposition of the sentence was suspended, and judgment was entered placing Petitioner on probation for ten years (doc. 13-3 [1/28/97 entries]). There

is no evidence or allegation of an appeal or the pursuit of any post-conviction relief in the Texas state courts regarding this conviction or probation term.

Following entry of a guilty plea in March 2006 in the United States District Court for the Western District of Texas (Waco), Petitioner was convicted of federal charges of conspiring to distribute a controlled substance and was sentenced to 180 months of imprisonment, followed by four years of supervised release. *United States v. Lopez, et al.*, No. 6:05-cr-00239-WSSM-1 (W.D. Tex.) (doc. 13-2 [#84, #122, #125, 03/23/06 entries]). He did not appeal. On March 24, 2008, he filed a motion "for retroactive application of sentencing guidelines to crack cocaine offense 18 U.S.C. 3582" (*id.* [#143]). The Texas district court denied the motion because the referenced guidelines amendment had not been made retroactive (*id.* [#144]). The Fifth Circuit Court of Appeals dismissed Petitioner's appeal of the denial for want of prosecution (*id.* [#145-147]).

Apparently as a result of the federal conviction, judgment was entered in the Texas state court on January 29, 2007, revoking Petitioner's state probation term and sentencing him to eight years of imprisonment in the Texas state penitentiary on the 1997 cocaine possession conviction (doc. 13-3 [12/21/05 to 1/30/07 entries]). The docket sheet reflects that Petitioner waived his right to an appeal, and there is no allegation or evidence that he sought any post-conviction relief in the Texas state courts regarding the revocation decision.

II.

In this § 2241 petition, Petitioner argues: that his 1997 Texas state court conviction for cocaine possession was used to increase the sentencing range for his federal

3

conviction; that he is actually innocent of the state offense; that his guilty plea to the state offense was not knowing, voluntary or intelligent; that his right to the effective assistance of counsel in connection with entry of the plea to the state offense was violated; that he was never advised the state conviction could be used to enhance the sentence on any subsequent conviction; that the state court did not engage in a proper plea colloquy or ascertain that he was competent and understood his rights and the full consequences of a plea; and that the state conviction thus derogates his due process rights.  He says that the Texas state conviction – for an offense of which he is actually innocent – serves to extend his current federal imprisonment, rendering his detention and restraint unlawful.

Respondent argues that, because Petitioner's claims relate to the enhanced sentence he received in his federal criminal proceedings, they are not properly brought in a § 2241 petition.  Respondent further contends that, to the extent Petitioner is challenging the Texas state conviction, this Court lacks jurisdiction because he is not in state custody on that conviction and he has not exhausted his state remedies.

III.

Petitioner is not entitled to use this § 2241 proceeding to challenge the validity of his current federal sentence as enhanced by the prior Texas state conviction.  Petitioner is incarcerated in this judicial district, but this is not the district where his federal conviction and sentence arose.  Issues concerning the lawfulness of a federal conviction and the sentence imposed generally must be brought in the sentencing court through a 28 U.S.C. § 2255 motion to vacate, set aside or correct.  *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *see* § 2255 ¶ 1 (a federal prisoner "may move the court which imposed the

sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the *validity* of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).  In contrast, a § 2241 habeas corpus petition attacks the *execution* of a sentence, or the manner in which the sentence is being carried out, and it is within the subject matter jurisdiction of the court presiding in the judicial district where the prisoner is incarcerated.  *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Cain v. Petrovsky*, 798 F.2d 1194, 1196 n.3 (8th Cir. 1986).

Accordingly, any claims challenging the validity of Petitioner's federal sentence or any enhancements should have been directed to the Texas district court which convicted and sentenced him or to the appropriate Court of Appeals (in this case, the Fifth Circuit). As stated, Petitioner did not seek a direct appeal of his conviction or sentence.  Although he filed a post-conviction motion in the Texas district court, it does not appear to raise the claims he currently raises about an improperly enhanced sentence.  Furthermore, if viewed as being brought pursuant to § 2255, the motion was clearly untimely.  *See* § 2255 ¶ 6 (federal defendant generally has one year from "the date on which [his] judgment of conviction becomes final" to file a § 2255 motion).  Instead, Petitioner has sought recourse through this separately filed § 2241 petition in the district of incarceration.

A § 2241 petition for habeas corpus relief "shall not be entertained if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention."  § 2255 ¶ 5.

A petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Abdullah*, 392 F.3d at 959. This is a "narrowly-circumscribed 'safety valve.'" *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002). The mere fact that an individual may be barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective so as to permit utilization of § 2241. *Abdullah*, 392 F.3d at 959. Specifically, the § 2255 remedy is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, because petitioner has been denied permission or does not meet the statutory requirements for filing a second or successive § 2255 motion, or because a § 2255 petition is time-barred. *Id.*

Moreover, a federal prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could have been or actually was raised in a direct appeal or a timely § 2255 motion in the sentencing district. *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003) (§ 2255 remedy not inadequate where petitioner could have raised claim in first or second § 2255 motion); *Perez*, 286 F.3d at 1063 (§ 2241 argument waived if not raised in sentencing court in first instance); *United States v. Lurie*, 207 F.3d 1075, 1077-78 (8th Cir. 2000) (dismissing § 2241 claims which "could have been maintained in a timely § 2255 motion or on direct appeal"). Where a petitioner had an "unobstructed procedural opportunity" to present a claim, his failure to seize that opportunity does not render § 2255 inadequate or ineffective to test the legality of his conviction or sentence. *Abdullah*, 392 F.3d at 963. There is no evidence that Petitioner took advantage of the opportunity to raise these particular claims in his federal sentencing proceeding, in a direct appeal or in a timely § 2255 motion.

The Court recognizes that any attempt by Petitioner to challenge his predicate state conviction under § 2255 would most likely be unsuccessful. In *Daniels v. United States*, 532 U.S. 374, 380-81 (2001), the Supreme Court held that a § 2255 motion is not an appropriate vehicle for determining whether a conviction later used to enhance a federal sentence was unconstitutionally obtained. The only exception is where a petitioner alleges that the prior conviction was obtained in violation of the right to counsel announced in *Gideon v. Wainwright*, 372 U.S. 335 (1963). *Daniels*, 532 U.S. at 382. Petitioner's claims regarding the voluntariness of his guilty plea do not fall into this category.

The Supreme Court has also suggested that collateral relief through a § 2255 motion might be available in those "rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own." *Johnson v. United States*, 544 U.S. 295, 304 n.4 (2005); *Daniels*, 532 U.S. at 383-84. However, there is no indication that Petitioner ever sought, or has been prevented from seeking, review of the 1997 state conviction, or the 2007 probation revocation, through the Texas state court system or some other means.[1]

In any event, the fact that § 2255 may not provide relief to Petitioner does not mean that the federal remedy is inadequate or ineffective "to test the legality" of his federal sentence as enhanced by the prior state conviction. He is not entitled to proceed under § 2241 simply because he did not or could not raise his current claims in a direct appeal or § 2255 proceedings, or because he believes any further attempts at obtaining relief from the Texas district court or the Fifth Circuit would be futile.

---

[1] If Petitioner were able to successfully challenge the Texas state conviction in an appropriate forum, § 2255 might be available to attack the current federal sentence as improperly enhanced by an invalidated prior conviction. *See Johnson*, 544 U.S. at 303-04.

7

If construed as a direct challenge to Petitioner's Texas state conviction, the petition still fails. Before seeking federal habeas review of a state conviction pursuant to 28 U.S.C. § 2254,[2] a prisoner must first fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors made there. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see* § 2254(b) & (c) (requiring federal habeas petitioner to pursue all remedies available in the state courts). Claims in a federal § 2254 petition that were not presented in state court and for which there is no remaining state court remedy are procedurally defaulted. *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006). As stated, Petitioner did not appeal or seek any post-conviction relief in the state courts following his 1997 conviction or 2007 revocation probation. Furthermore, any claims regarding the voluntariness of the 1997 plea should have been brought following the original judgment of conviction, not at the time his probation was revoked. *See* Kevin Yeary, *Appeals from Pleas of Guilty and Nolo Contendere: History and Procedural Considerations*, 33 St. Mary's L.J. 405, 446-48 (2002) (explaining procedures under Texas law).

In summary, this Court lacks subject matter jurisdiction to consider Petitioner's § 2241 claims as a challenge to his current federal sentence because he has not demonstrated that the § 2255 remedy is ineffective or inadequate. *Abdullah*, 392 F.3d at

---

[2] A § 2254 petition is the appropriate application for federal habeas relief when a prisoner is in custody pursuant to "the judgment of a State court." 28 U.S.C. § 2254(a) & (b)(1). It is unclear whether Petitioner is "in custody" pursuant to the Texas state conviction. The state docket sheet shows that, upon revocation of his probation on January 29, 2007, he was sentenced to eight years of imprisonment in the state penitentiary (doc. 13-3). The record does not indicate whether this sentence is being served concurrently with his federal sentence, or whether it remains to be served in the future.

964. Moreover, this Court is unable to review any direct challenge to the Texas state conviction because Petitioner has not demonstrated that he has ever presented his specific claims to the appropriate Texas state courts.

IV.

Accordingly, Respondent's motion to dismiss (doc. 13) should be **granted**, thereby denying this 28 U.S.C. § 2241 petition for writ of habeas corpus and dismissing this case in its entirety without prejudice to Petitioner's right to pursue any still existing channels to challenge his prior Texas state conviction.

DATED this 31st day of December, 2008.

_____
UNITED STATES MAGISTRATE JUDGE